**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

MARIO ROBERTO LIMA JIMENEZ,

Petitioner,

v.

MICHAEL NESSINGER, Warden, Wyatt Federal Detention Facility; DAVID WESLING, Field Office Director, Boston Field Office; DAVID J. VENTURELLA, Acting Director U.S. Immigration and Customs Enforcement; MARKWAYNE MULLIN, U.S. Secretary of Homeland Security; TODD BLANCHE, U.S. Attorney General,

Respondents.

C.A. No. 26-cv-841-MSM-AEM

**ORDER**

Before the Court are Respondents' Motion to transfer this habeas case to the Western District of Louisiana, ECF No. 4, and Petitioner, Mario Roberto Lima Jimenez's, Reply and Motion for Immediate Release, ECF No. 5, which asks the Court to order his return from Louisiana. The Court concludes that it has jurisdiction over the Petition for Writ of Habeas Corpus, ECF No. 1, and that Petitioner should be returned to this District while it is adjudicated.

U.S. Immigration and Customs Enforcement ("ICE") arrested the Petitioner in Massachusetts on or about October 31, 2026, and held him at the Wyatt Detention Facility. ECF No. 1 ¶¶ 3-4. On November 4, he requested a bond hearing before the

Immigration Court in Chelmsford, Massachusetts. *Id.* ¶ 14. On November 5, ICE told Petitioner, but not his counsel, that it intended to transfer him; according to Petitioner, ICE gave the date of the transfer as November 9. ECF No. 1 ¶ 15; ECF No. 5 at 2-3. On November 6, Petitioner departed Hanscom Field on an ICE flight at 3:02 p.m. and landed in Alexandria, Louisiana, at 5:49 p.m. ECF No. 4 ¶ 4. The Petition was filed at 2:10 p.m. on November 7. ECF No. 1. Counsel received no notice of the transfer and learned where Petitioner was only after filing. ECF No. 5 at 3. Respondents state that he is now held at the Central Louisiana ICE Processing Center in Jena, Louisiana, based on a search of ICE's Online Detainee Locator System run on November 10. ECF No. 4 ¶ 5.

Jurisdiction over a habeas petition challenging present physical confinement ordinarily lies only in the district of confinement. *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). But when "a prisoner is held in an undisclosed location by an unknown custodian, it is impossible to apply the immediate custodian and district of confinement rules." *Id.* at 450 n.18; *see also Vasquez v. Reno*, 233 F.3d 688, 696 (1st Cir. 2000). In those circumstances, jurisdiction lies in the petitioner's last-known location, judged by what counsel could have known at filing. *Suri v. Trump*, 184 F.4th 260, 277–78 & n.11 (4th Cir. 2026); *Vega Hernandez v. Nessinger*, No. 1:26-cv-00657-MSM-PAS (D.R.I. Oct. 8, 2026); *Kariuki v. Nessinger*, No. 1:26-cv-00674-MSM-AEM, 2026 WL 2883548 (D.R.I. Sept. 25, 2026); *Gavarete Ramirez v. Nessinger*, No. 1:26-cv-00259-MRD-AEM (D.R.I. May 14, 2026).

That exception applies here. When the Petition was filed, Petitioner's last-known location was Wyatt, and counsel had received no notice that he had been moved. Respondents do not contend that Petitioner's counsel could have learned where he was, and they have not identified his immediate custodian at that time; their only evidence of his whereabouts after the flight landed is a locator search run three days after the Petition was filed. ECF No. 4 ¶ 5. That counsel knew a transfer was planned does not change the result. Notice that a detainee will be moved is not notice of where he is or who holds him, and Petitioner's representation that ICE gave November 9 as the date stands unrebutted. Nor does it matter that the Petitioner had already landed in Louisiana, because the inquiry turns on what counsel could have known, not on where Petitioner actually was. *See Suri*, 184 F.4th at 272, 277 & n.11 (applying the exception where the petition was filed after the petitioner had landed in Louisiana); *see also Vega Hernandez*, No. 1:26-cv-00657-MSM-PAS.

The Court may order Petitioner's return to facilitate its adjudication of the Petition. *See Ozturk v. Hyde*, 136 F.4th 382, 394–95, 402–03 (2d Cir. 2025); 28 U.S.C. §§ 1651(a), 2243. The Court therefore DENIES Respondents' Motion to Transfer, ECF No. 4, and GRANTS IN PART Petitioner's Motion, ECF No. 5, insofar as it seeks his return.

Accordingly, Respondents are ORDERED to return Petitioner to ICE custody within the District of Rhode Island no later than November 20, 2026, and to file a notice confirming his location within one (1) day of his return. Until he is returned, the Respondents shall afford Petitioner confidential telephone or video access to his

counsel upon request. Pending further Order of this Court, the Respondents shall not remove Petitioner from the United States or transfer him to any location other than this District. Nothing in this Order precludes Petitioner from asking the Immigration Court in Chelmsford, Massachusetts, to continue the custody redetermination hearing scheduled for November 17, 2026, until after his return. If the hearing goes forward on that date, the Respondents shall ensure that the Petitioner is able to appear and shall not have him in transit at that time. The Respondents shall file a status report on the hearing no later than two (2) days after the bond hearing. The Court defers on the merits of the Petition, including Petitioner's request for release, pending the outcome of that hearing.

IT IS SO ORDERED.

Mary S. McElroy
United States District Judge

November 13, 2026